IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| CORMARION MASON,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC.,<br><br>Defendant. | Civil Action No. CV423-26<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff, Cormarion Mason ("Plaintiff" or "Mason"), by and through their undersigned counsel, and files this, his Complaint for Damages, and shows the Court as follows:

**NATURE OF COMPLAINT**

1.

Mason brings this action for damages, and reasonable attorneys' fees against Defendant Wal-Mart Associates, Inc. ("Defendant") for violations of his rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 et seq. ("ADA").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, and 42 U.S.C. § 2000e-5(f).

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Mason has fulfilled all conditions necessary to proceed with this cause of action under the ADA.

5.

Mason filed their Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 4, 2022.

6.

The EEOC issued Mason's Notice of Right to Sue on December 23, 2022.

7.

Plaintiff filed this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

**PARTIES**

8.

Mason is a Male citizen of the United States of America and is subject to the jurisdiction of this Court.

9.

At all times relevant, Defendant was qualified and licensed to do business in Georgia.

10.

At all times relevant, Defendant conducted business within this District.

11.

At all times relevant, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4).

12.

At all times relevant, Defendant had employed fifteen (15) or more employees.

13.

At all times relevant, Defendant employed fifteen (15) or more employees for the requisite duration under the ADA.

14.

Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

15.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, located at 106 Colony Park Drive Ste. 800-B, Cumming, GA, 30040-2794, USA.

## FACTUAL ALLEGATIONS

16.

Mason began working for Defendant, on or about September 1, 2021.

17.

Mason's last position was cart attendant.

18.

Mason suffers from mental disabilities within the meaning of the ADA, of which Defendant had actual knowledge.

19.

Mason's disabilities are disabilities within the meaning of the ADA.

20.

In particular, Mason's disabilities are Autism and Attention Deficit Hyperactivity Disorder.

21.

Mason was terminated on July 27, 2022.

22.

In the few months leading up to Mason's termination, other employees, in particular Ms. Vivi ("Vivi"), Mason's supervisor, and Ms. Cynthia ("Cynthia") subjected Mason to severe harassment based on his disability.

23.

Cynthia and Vivi regularly called Mason names and directed horrid remarks towards Mason based on his disabilities.

24.

For example, Cynthia and Vivi regularly called Mason slow, stupid, and retarded.

25.

When a female coworker helped Mason with his job responsibilities, Cynthia and Vivi made fun of them by saying they were in a relationship.

26.

Cynthia and Vivi told that coworker that she needed to leave Mason alone because Mason was slow and retarded.

27.

They also told that coworker that Mason was "special."

28.

When team members finish their tasks early, they help co-workers by bagging groceries.

29.

When Mason did so, Cynthia and Vivi would tell Mason to go away.

30.

Vivi, in particular, would make extremely egregious comments.

31.

For example, Vivi called Mason a "stupid motherf&$ker" and told him "I cannot stand your retarded ass."

32.

On or about July 24, 2022, Mason and his mother called the Walmart corporate phone number to report the harassment and discrimination Mason had faced.

33.

Mason's mother advocated for Mason on the call with her handicapped son.

34.

The woman Mason and his mother spoke with stated that she would call them back.

35.

Mason and his mother never received a call back.

36.

A few days after the call was made, on July 26, 2022, a team lead, Shay, told Mason's sister that Mason was going to be fired for having too many points.

37.

No points system had ever been explained to Mason.

38.

Because Mason did not understand what was happening, he went to the store to ask whether he was being fired.

39.

When Mason arrived at the store, he began to look for Shay but ran into Alicia, the Hiring Manager.

40.

Mason told Alicia that he heard he was going to be fired and asked if that was true.

41.

Alicia angrily asked Mason if she had told him that, or if Vivi had told him that, to which Mason responded no, but that he heard he was being fired for having too many points.

42.

Alicia then yelled at Mason and told him multiple times to shut up.

43.

At that point, Mason told Alicia to have a nice day and walked away.

44.

Mason then found Shay, who explained that he (Shay) did not mean that Mason was going to be fired, but that he meant Mason needed to be mindful to clock out on breaks and to make sure he was not tardy.

45.

Mason informed Shay that Vivi had never told him that he needed to clock out for breaks or discussed any points system and that he had not received any disciplinary feedback during his employment.

46.

In response, Shay told Mason that he was a good worker and that he (Shay) did not have to worry about anything when Mason is working.

47.

Mason then asked Shay again if he was fired, to which Shay responded no and that he would see Mason the next day.

48.

The next day, July 27, 2022, when Mason approved to work, Vivi told Mason not to clock in because he had been terminated.

49.

Vivi never explained why Mason was being terminated.

50.

Defendant did not provide Plaintiff with a separation notice.

51.

Mason and his mother attempted to call the store to find out why he was terminated, but there was no answer.

52.

Mason and his mother then called the corporate phone number and complained about what had happened.

53.

They were told they would receive a call back.

54.

This time, they received a call back.

55.

The corporate representative told Mason and his mother that Defendant did not have to provide him with written notice of his termination.

56.

The corporate representative also told Mason and his mother that everyone had denied making negative comments about Mason's disabilities.

57.

Although Defendant purports to provide a legitimate non-discriminatory reason for Mason's termination, this reason is a pre-text.

58.

Mason is an individual with a disability, as defined by the Americans with Disabilities Act, as amended.

59.

Defendant terminated Mason because he had a record of having disabilities and/or because it regarded Mason as disabled and/or because he engaged in protected activity.

60.

But for Mason's disability status and/or protected activity, Mason would not have suffered the adverse employment action.

61.

Plaintiff was treated less favorably in the terms or conditions of employment than others outside of their protected class, i.e. non-disabled employees.

## CLAIMS FOR RELIEF

### COUNT I:  DISABILITY DISCRIMINATION IN VIOLATION OF ADA

Mason re-alleges paragraphs 16-62 as if set forth fully herein.

62.

Mason has mental impairments which substantially limit one or more major life activities.

63.

Mason has mental impairments which affect one or more of his major bodily systems, including his neurological system.

64.

Mason's mental impairments are "disabilities" within the meaning of the ADA, as amended.

65.

Defendant was aware of Mason's disabilities.

66.

Defendant regarded Mason as having a disability such that Mason is a person with a disability and/or perceived disability within the meaning of the ADA, as amended.

67.

Mason has a record of having disabilities and/or perceived disability such that Mason is a person with a disability within the meaning of the ADA, as amended.

68.

At all times relevant to this action, Mason was a qualified individual with a known or perceived disability as defined in the ADA.

69.

Mason was able to perform the essential functions of his position.

70.

Defendant terminated Mason's employment because of Mason's disabilities, perceived disability, or record of having disabilities.

71.

By terminating Mason's employment because of Mason's disabilities, perceived disability, or record of having disabilities, Defendant violated the ADA, as amended.

72.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

73.

Defendant treated other employees outside Mason's protected class differently.

74.

Defendant's actions in subjecting Mason to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

75.

Defendant has willfully and wantonly disregarded Mason's rights, and Defendant's discrimination against Mason was undertaken in bad faith.

76.

The effect of the conduct complained of herein has been to deprive Mason of equal employment opportunity and has otherwise adversely affected their status as an employee because of their disability.

77.

As a direct and proximate result Defendant's violation of the ADA, Mason has been made the victim of acts that have adversely affected their psychological and physical well-being.

78.

As a result of Defendant's discriminatory actions against Mason, Mason has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

79.

Mason is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

80.

Defendant discriminated against Mason, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Mason of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Mason.

81.

Mason thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which Plaintiff may be entitled.

          **BARRETT & FARAHANY**

          s/ *V. Severin Roberts*
          V. Severin Roberts
          Georgia Bar No. 940504

          *Counsel for Plaintiff*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
severin@justiceatwork.com